# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD

**JOEL FAJARDO-MEZA[1],**

    **Petitioner,**

**v.**                                                              **Case No. 1:15-cv-09034**

**BART MASTERS, Warden,**
**FCI McDowell,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 2). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The petitioner paid the applicable $5.00 filing fee.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time he filed his petition, the petitioner was incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, serving a 90-month term of imprisonment imposed by the United States District Court for the Southern District of California, following his conviction on one count of conspiracy to distribute heroin.

---

[1] The petitioner's petition was docketed under the name "Fajardo Meza Joel." However, according to the Federal Bureau of Prisons' inmate locator on its website, www.bop.gov, using the BOP register number provided in the instant section 2241 petition, this inmate's name is "Joel Fajardo-Meza." Accordingly, the undersigned will use that name herein and the Clerk is directed to modify the docket sheet to reflect the petitioner's correct name. The BOP inmate locator further indicates that the petitioner is "NOT IN BOP CUSTODY" and his release date is "UNKNOWN."

(ECF No. 1 at 1; s*ee also* Case No. 3:09-cr-02111-W-1 (S.D. Cal., Apr. 20, 2010). The petitioner's section 2241 petition seeks the restoration of 41 days of disallowed good conduct time resulting from a prison disciplinary finding at BSCC Big Spring, in Texas, on the basis that a "private official was unauthorized to sanction petitioner." (*Id.* at 6-7). However, the petitioner was subsequently released from BOP custody. Accordingly, his section 2241 petition is now moot.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007). As noted above, the petitioner has been released from BOP custody; thus, this federal court is no longer able to grant his requested relief.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot in light of his release from BOP custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's Petition for a Writ of Habeas Corpus under 28

U.S.C. § 2241 (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at his last known address.

<u>April 2, 2018</u>

Dwane L. Tinsley
United States Magistrate Judge